MARC Y. LAZO, SBN: 215998
K&L LAW GROUP, P.C.
2105 Foothill Blvd., Suite B121
La Verne, CA 91750
Phone No.:    (949) 216-4000
Fax No.:      (800) 596-0370

Attorneys for Plaintiff Collect Co

**UNITED STATES BANKRUPTCY COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>    Donald M. Larzelere<br><br>    Bridget R Larzelere<br><br>                        Debtors.<br>_____<br>Collect Co.<br><br>                        Plaintiff<br>    v.<br><br>Donald M Larzelere and Bridget R Larzelere<br><br>                        Defendants. | Case No: 8:18-bk-14617-CB<br><br>Chapter 7<br><br>Adversary Proceeding No.<br><br>COMPLAINT OBJECTING TO DISCHARGE OF DEBTS |

**COMPLAINT OBJECTING TO DISCHARGE OF DEBTS**

Comes now, Collect Co., a California corporation ("Plaintiff' and/or "Creditor"), in the above-captioned bankruptcy case, by and through their attorneys of record, K&L Law Group, P.C., files this adversary pleading pursuant to Bankruptcy Rule 7001(4) and 7001(6), 11 U.S.C. 727(a)(2)(A) and (B) and 11 U.S.C. 523(a)(2) and (6).

-1-

The Court has jurisdiction of this matter under 28 U.S.C. 157(b)(1). This is a core proceeding under 28 U.S.C. 157(b)(2)(B), (2)(l) and (2)(J).

## DEBTOR'S DATE OF FILING BANKRUPTCY

The Debtor filed a voluntary chapter 7 petition on December 29, 2018. The continued 341 creditors hearing is scheduled for April 11, 2019 and the final date for objecting to discharge of claim is April 1, 2019.

## FACTUAL BACKGROUND

On or about December 7, 1998, Debtors filed a previous chapter 7 case and obtained a discharge of their debts. On or about June 27, 2005, Debtors filed a chapter 7 case and again obtained a discharge of their debts.

On or about April 20, 2012, Plaintiff's predecessor-in-interest ("Silverado") was assigned a judgment against Debtors and began immediate enforcement of the judgment.

On or about June 7, 2012, Debtors filed a petition for relief under Chapter 13 of the Code, which case was promptly dismissed for failure to file required information (Case No. 8:2012-bk-17112). On or about July 5, 2012, Debtors filed another petition for relief under Chapter 13 of the Code, which case was also dismissed for failure to file required information (Case No. 8:2012-bk-18215).

On or about August 2, 2012, Debtors filed yet another petition for relief under Chapter 13 and managed to confirm a plan of reorganization (Case No. 8:2012-bk-19318). In or around August 2012, three additional judgments against Debtors were assigned to Silverado. On or about October 2, 2012, Silverado filed a Motion to Confirm No Stay pursuant to §362(d)(4), which motion was granted by the Court on November 7, 2012.

On information and belief, on or about March 19, 2014, while the 2012 Chapter 13 plan was in effect, Debtor inherited $1.1 million dollars following an estate sale of Debtors' deceased parents' home. On information and belief, Debtors did not inform the trustee of the inheritance.

On or about June 30, 2017, Silverado assigned the four (4) judgments referenced above to Plaintiff herein.

On information and belief, on or about February 2, 2018, Debtors fraudulently transferred real property valued at approximately $700,000.00 to their son. On or about September 26, 2018, the 2012 Chapter 13 case was dismissed for failure to make payments under the plan. On or about December 19, 2018, Debtors filed the instant bankruptcy case under Chapter 7.

On or about January 31, 2019, the 341 creditor's meeting was held. At the 341 meeting, Debtors hid their inheritance from the trustee until Plaintiff's investigator brought it up at the end. Debtors revealed they inherited over One Million Dollars, which Plaintiff learned was put into an Arizona limited liability company and all used for personal expenses. Debtors also purchased real estate, off road vehicles, and business equipment without informing the trustee. Debtors also revealed that debtors had a history of running income through their kids' names. As a result, the trustee demanded the following be produced by the continued 341 meeting to be held 11March 7, 2019:

- WELLS FARGO BUSINESS (ANGEL BABY) STATEMENTS 12/1/18 - PRESENT
- ALL BANK STATEMENTS FOR ALL BUSINESSES, BUSINESS INTERESTS, STOCKS, LLC'S AND TRUSTS ETC. 1/1/14 - PRESENT
- PERSONAL BANK STATEMENTS 9/1/18 - PRESENT
- COPIES OF ALL LEASES
- AMEND SCHEDULES TO SCHEDULE VALUE OF BUSINESS
- PERSONAL BANK STATEMENTS 9/1/18 - PRESENT
- DETAILED FINANCIAL STATEMENTS
- - DETAILED INCOME AND EXPENSE REPORT FOR EACH BUSINESS, TRUSTS, LLC, BUSINESS INTERESTS, STOCKS 1/1/14 - PRESENT FOR ALL BUSINESSES
- DETAILED ADDRESS OF NORTHERN CALIFORNIA REAL PROPERTY CLOSING STATEMENT RE PURCHASE OF NORTHERN CALIFORNIA REAL PROPERTY
- ALL BACK UP DOCUMENTS 1/1/12- PRESENT RE ALL TRANSFERS AND CONSIDERATION THEREFOR
- SOCIAL SECURITY VERIFICATIONS
- COPY OF STATE BAR COMPLAINT AGAINST FORMER COUNSEL

On information and belief, Debtors failed to appear at the continued 341 meeting on March 7, 2019 due to being "sick." The 341 meeting was continued to April 11, 2019.

### **LEGAL BASIS FOR NON-DISCHARGEABILITY**

Exceptions to Discharge, bankruptcy code §523(a)(2) and (6) provides in part that:

> "A discharge under 727, 1141, 1228(a), 1228(b) or 1328(b) does not discharge an individual debtor from any debt: (2) for money…to the extent obtained by (A) false pretenses, false representations, or actual fraud; (or)… (6) for willful and malicious injury by the Debtor to another entity or to the property of another entity."

Plaintiff and/or Creditor is the judgment creditor in multiple judgments involving fraud on the part of Debtors. As provided under section 523(a)(2) a discharge of a debt in bankruptcy "does not discharge an individual debtor from any debt for money to the extent (the debt) was obtained by false pretenses, false representations, or actual fraud." Consequently, the Plaintiff's claim should not be subject to discharge by the Debtor.

In addition, section 523(a)(6) prevents "a discharge for willful and malicious injury by the debtor to another entity." The Debtor intentionally withheld assets and diverted the funds to family members, which actions injured Plaintiff. Consequently, Plaintiff's claims should not be subject to discharge due to the malicious injury caused by Debtor to Plaintiff.

Finally, Debtors are serial bankruptcy filers seeking improper protection from the bankruptcy court based on their multiple failed filings.

For the above stated reasons, the claim of Plaintiff are not dischargeable because the debt was incurred as a result of false representations or actual fraud.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays as follows:

(1) That the court to determine and find that Debtor's obligation is non-dischargeable and deny Debtor's request for discharge of Plaintiff's claims.

(2) That Plaintiffs recover from the Debtor their discretionary cost of this litigation.

(3) That the cost of the clerk of the court be taxed against Debtor;

(4) That the Plaintiff be awarded such other relief that the Court deems just and proper including but not limited to the recovery of personal and real property fraudulently transferred to other third parties in an attempt to hinder, delay or defraud Plaintiff.

Dated:  April 1, 2019                    K&L LAW GROUP, P.C.

                                         By: _____
                                             MARC Y. LAZO
                                             *Attorney for Plaintiff*

COMPLAINT